UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLACKROCK FINANCIAL
PARTNERS, LLC, et al.

      Plaintiffs,                               Case No. 14-mc-51247
                                                Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA, et al.,

      Defendant.
_____/

## ORDER DENYING PETITION TO QUASH SUMMONS
## AND DISMISSING PETITION WITH PREJUDICE

Paul Mason, a Revenue Agent with the Internal Revenue Service, is conducting an investigation of the tax liabilities of Hanna Karcho-Polselli.  On July 9, 2014, Mason issued an administrative summons (the "Summons") to JP Morgan Chase Bank, N.A. ("Chase"). (A copy of the Summons is attached to ECF #4 as Ex. A-2, Pg ID 49-51.)  Mason issued the Summons pursuant to Section 7602 of the Internal Revenue Code, 26 U.S.C. § 7602.  The Summons directed Chase to appear before Mason on July 21, 2014, and to provide information sufficient to allow Mason to determine whether Chase kept or maintained records of business transactions or affairs of Karcho-Polselli.  The Summons did not ask for copies of any records.  Mason did not provide notice of the Summons to Karcho-Polselli.

1

Chase has identified at least three accounts over which Karcho-Polselli had signature authority.   Those accounts belong to the Petitioners in this matter: Blackrock Financial Partner, LLC; Hotel Mortgage Funding, LLC; and Manhattan Financial Advisors, LLC, DBA Quality Inn Near Universal DBA Comfort Inn.

Petitioners bring this action under Section 7609 of the Internal Revenue Code, 26 U.S.C. § 7609, to quash the Summons.   Petitioners allege that this Court has subject matter jurisdiction pursuant to Section 7609 and the First, Fourth, Fifth, Ninth, and Tenth Amendments to the United States Constitution.

In response to the Petition, Respondent United States of America argues that this Court lacks subject matter jurisdiction because Section 7609 does not authorize Petitioner's action and because the United States has not otherwise waived its sovereign immunity.   Petitioners did not file a reply to the United States' response and have made absolutely no effort to refute any of the arguments advanced by the United States.   The Court agrees with the United States that there is no basis for this action and that the Petition should not be quashed.

Petitioners are correct that Section 7609 does authorize actions to quash administrative summonses. *See* 26 U.S.C. § 7609(b)(2)(A).   However, certain types of summonses are expressly excluded from Section 7609, *see* 26 U.S.C. § 7609(c)(2), and the Section plainly does not authorize an action to quash the classes of summonses that are excluded from its coverage.

2

As relevant here, a summons "issued to determine whether or not records of the business transactions or affairs of an identified person have been made or kept" is specifically excluded from Section 7609. *See* 26 U.S.C. § 7609(c)(2)(C).  The Summons was issued solely to determine whether Chase made or kept records related to Karcho-Polselli.  Accordingly, the Summons falls outside of Section 7609, and Petitioners may not proceed under Section 7609.  Furthermore, Petitioners have cited no authority for the proposition that their Petition is authorized by any of the constitutional amendments they have identified.

In the alternative, the United States argues that even if the Petition is authorized by Section 7609 or is otherwise permitted, the Petition should still be denied because Petitioners have failed to show that it is improper or unlawful in any way.  The Court agrees.  For the reasons set forth in detail in the Response of the United States (*see* ECF #4 at 7-11, Pg ID 37-42) – reasons that Petitioners have not even attempted to rebut – Petitioners have failed to establish any basis for quashing the Summons.  The Court also sees no basis on which to grant Petitioners' request for discovery.

Accordingly, **IT IS HEREBY ORDERED** that the Petition to Quash

Summons (ECF #1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 9, 2014


I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on December 9, 2014, by electronic means and/or
ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

4